UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

In re: Chapter 11 (Subchapter V)

MUKEUNJI II, INC, Case No. 21-41737 (ESS)

Debtor.

---------------------------------------------------------------X

**ORDER CONFIRMING DEBTOR'S CONSENSUAL CHAPTER 11 PLAN PURSUANT TO 11 U.S.C. § 1191**

Mukeunji II, Inc. (the "Debtor") having filed the *Debtor's Plan of Reorganization for Small Business Under Chapter 11 Subchapter V, Dated September 28, 2021* (the "Plan," ECF Doc. No. 30) in accordance with section 1121 of title 11 of the United States Code (the "Bankruptcy Code"); and the Debtor having filed a *Notice of Hearing on Confirmation of Debtor's Plan of Reorganization* dated December 27, 2021 (the "Notice of Hearing," ECF Doc. No. 38) scheduling a hearing on confirmation (the "Confirmation Hearing") for January 28, 2022 at 10:30 a.m.; and the Debtor having duly served a copy of the Plan, and Notice of Hearing on all creditors and parties in interest; and the Court having held the Confirmation Hearing on January 28, 2022; and upon the entire record of this case, including, without limitation, the record made at the Confirmation Hearing on January 28, 2022; and after due deliberation and good and sufficient cause appearing therefor, it is hereby **DETERMINED~~, FOUND, ADJUDGED, AND DECREED~~**:

1. The Bankruptcy Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(a). Venue of this proceeding and this bankruptcy case in this district is proper pursuant to 28 U.S.C. §§1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. §157(b)(2), and this Court has jurisdiction to enter a final order with respect to thereto.

2. Due, timely, sufficient and adequate notice of the Plan, the Confirmation Hearing and the deadlines for filing objections to the Plan has been given to all known holders of Claims or Interests and other parties in interest in accordance with the procedures established by this Court, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of the Bankruptcy Court and no other or further notice is required.

3. The classification scheme of Claims and Interests in the Plan is reasonable and complies with the requirements of Sections 1122 and 1123 of the Bankruptcy Code. Claims or Interests in each particular Class are substantially similar to other Claims contained in such Class.

4. As required by and in compliance with Sections 1123(a)(1), (a)(2) and (a)(3) of the Bankruptcy Code, the Plan: (a) identifies the Classes of Claims against the Debtor; (b) specifies the Classes of Claims that are Impaired and not Impaired under the Plan; and (c) specifies the treatment of each Class of Claims under the Plan. All classes of claims under the Plan have voted to accept the Plan or are unimpaired.

5. Consistent with Section 1123(a)(4) of the Bankruptcy Code, the Plan provides the same treatment for each Claim in a particular Class, unless a holder of a Claim has agreed to a less favorable treatment.

6. As required by section 1123(a)(5) of the Bankruptcy Code, the Plan contemplates adequate means for its execution and implementation.

7. The Plan contains adequate provisions for continued corporate existence of the Debtor consistent with Section 1123(a)(6) of the Bankruptcy Code.

8. In conjunction with Section 1123(a)(7) of the Bankruptcy Code, the Plan identifies the Debtor's counsel Morrison Tenenbaum PLLC as the disbursing agent who will make payments to creditors as provided by the Plan.

9. Consistent with Section 1123(b) of the Bankruptcy Code, the Plan provides that classes of claims are impaired or unimpaired. Each of the provisions of the Plan is consistent with Section 1123(b) of the Bankruptcy Code and permissible under applicable laws.

10. As required by Sections 1129(a)(1) and 1191(a) of the Bankruptcy Code, the Plan complies with all applicable provisions of the Bankruptcy Code.

11. As required by Section 1129(a)(2) of the Bankruptcy Code, the Debtor has complied with all of the applicable provisions of the Bankruptcy Code, including, without limitation, the disclosure and solicitation requirements of Sections 1125 and 1126 of the Bankruptcy Code.

12. As required by Section 1129(a)(3) of the Bankruptcy Code, the Plan has been proposed in good faith and not by any means forbidden by law. The Debtor has valid and legitimate business reasons for proposing the Plan.

13. As required by Section 1129(a)(4) of the Bankruptcy Code, any payment made or to be made by the Debtor for services or for costs and expenses in connection with this bankruptcy case, or in connection with the Plan, other than those incurred in the ordinary course of business, has been approved, or is subject to approval of, the Bankruptcy Court, as reasonable.

14. In accordance with Section 1129(a)(5)(A) of the Bankruptcy Code, the Plan identifies the individuals who will serve as the disbursing agent for the Debtor after confirmation of the Plan, and such continuance in office and appointment is consistent with the interest of creditors and equity security holders and with public policy.

15. Section 1129(a)(6) of the Bankruptcy Code is not applicable because the Debtor does not charge rates that are the subject of any regulatory commission jurisdiction.

16. As required by Section 1129(a)(7) of the Bankruptcy Code, with respect to each Impaired Class, each holder of an allowable Claim in such Class has either accepted the Plan or will receive or retain under the Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount such holder will receive, and has agreed to receive under the Plan.

17. The requirements of Section 1129(a)(8) of the Bankruptcy Code are satisfied with respect to each class of claims or interests because such class has accepted the Plan or is not impaired under the Plan.

18. The Plan provides for the treatment of Allowed Administrative Claims, Allowed Priority Tax Claims and Allowed Non-Tax Priority Claims pursuant to Section 507(a) of the Bankruptcy Code, in accordance with Section 1129(a)(9) of the Bankruptcy Code, except to the extent that the holder of a particular Claim has agreed in writing to less favorable treatment.

19. Section 1129(a)(10) of the Bankruptcy Code is satisfied because there are no impaired classes of claims.

20. The Debtor has established that the Plan is feasible. On and after the Effective Date, it is likely that Reorganized Debtor will be able to satisfy the Reorganized Debtor's financial obligations under the Plan.

21. As required by Section 1129(a)(12) of the Bankruptcy Code, all fees payable pursuant to 28 U.S.C. § 1930 as determined by the Bankruptcy Court at the Confirmation Hearing shall be paid, with any interest, by the Reorganized Debtor, on or before the Effective Date.

22. Sections 1129(a)(13), (14), (15), and (16) of the Bankruptcy Code are not applicable to this case.

23. The primary purpose of the Debtor's Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933. No party that is a governmental unit, or any other entity, has requested that the Court decline to confirm the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933.

24. Finding that the Plan is confirmable and that the Plan should be confirmed based upon, *inter alia*, all of the foregoing Finding of Fact and Conclusions of Law, it is hereby

**ORDERED**, that the Plan proposed by the Debtor is consensual and **CONFIRMED** in accordance with Sections 1129(a) and 1191(a) of the Bankruptcy Code, without any objection. The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order; and it is further

**ORDERED**, that the record of the Confirmation Hearing is closed; and it is further

**ORDERED**, that the findings of fact and conclusions of law set forth above and the findings and conclusions of the court at the Confirmation Hearing are incorporated herein by reference; and it is further

**ORDERED**, that to the extent that any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa; and it is further

**ORDERED**, that Article 4.01 of the Plan is hereby modified to provide as follows:

4.01 Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – All other on-priority unsecured creditors | Unimpaired | All allowed non-priority unsecured claims shall be paid in full on the Effective Date. |
| Class 4 - Equity Security Holders of the Debtor | Unimpaired | Retain their interests. |

**ORDERED**, that upon the Effective Date, the Plan will be administered by the Debtor through Morrison Tennenbaum PLLC which is the disbursing agent, and the Debtor shall file a Notice of Occurrence of the Effective Date; and it is further

**ORDERED**, that as of the Effective Date, Morrison Tenenbaum PLLC shall be deemed to have been duly appointed as the disbursing agent (the "Disbursing Agent") with the powers and duties set forth in the Plan and otherwise necessary to implement and consummate the Plan. The Disbursing Agent is authorized and empowered to execute, deliver and/or file such documents, and make such payments, as are necessary to consummate the Plan in accordance with its provisions. All actions contemplated by the Plan are authorized and approved in all respects, subject to the provisions of the Plan and this Confirmation Order; and it is further

**ORDERED**, that the Debtor shall file an application for a final decree on notice to the Office of the United States Trustee within 14 days following the full administration of the Debtor's estate pursuant to Rule 3022. Upon request, the Court may reduce or extend the time to file such application; and it is further

**ORDERED**, that pursuant to EDNY LBR 3021(a), the Debtor shall file with the Court (on presentment in accordance with Local Bankruptcy Rule 2002-1) within 14 days after the entry of an order confirming a chapter 11 plan, a proposed order that shall contain a timetable with the

steps proposed for achieving substantial consummation of the plan and entry of a final decree, including resolution of claims and resolution of avoidance and other bankruptcy court litigation outstanding or contemplated; and it is further

**ORDERED**, that pursuant to Section 1141(a) of the Bankruptcy Code, from and after the Confirmation Date, the Plan shall be binding upon the Debtor, all holders of Claims against, and Interests in, the Debtor and any other party in interest in the Chapter 11 case and their respective successors and assigns, regardless of whether the claims or Interests of such holders or obligations of any party in interest (i) are in a Class that is Impaired under the Plan, (ii) have accepted the Plan, (iii) have filed a proof of claim or interest in the Chapter 11 Case, or receive a distribution under the Plan; and it is further

**ORDERED**, that pursuant to Section 1141(d)(1) of the Bankruptcy Code, subject to the terms of the Plan, the Debtor is discharged from any debt to the fullest extent provided in such section; and it is further

**ORDERED**, that the Debtor/Reorganized Debtor shall (1) file monthly operating reports until occurrence of the effective date, and (2) thereafter file quarterly post-confirmation disbursement and status reports no later than fifteen days after the end of each quarter until the closing, conversion to chapter 7 or dismissal of this case; and it is further

**ORDERED**, that after the entry of this Confirmation Order, the Debtor may modify the Plan to remedy any defect or omission or to reconcile any inconsistencies in the Plan or in this Confirmation Order as may be necessary to carry out the purposes and effects of the Plan pursuant to Section 1127; provided that (i) the Debtor obtains approval of the Bankruptcy Court for such modification, after notice and a hearing, and (ii) such modification shall not materially and

adversely affect the interests, right or treatment of distributions to any Class under the Plan; and it is further

**ORDERED**, that pursuant to Section 1142(a) of the Bankruptcy Code and the provisions of this Confirmation Order, upon the occurrence of the Effective Date, the Plan shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law; and it is further

**ORDERED**, that to the extent that this Confirmation Order and/or the Plan conflicts with (i) any other agreement entered into between the Debtor and any party, or (ii) other orders of the court, the Plan controls any such agreements or prior orders, and this Confirmation Order controls the Plan; and it is further

**ORDERED**, that the Court retains jurisdiction over any matters or disputes arising in connection with or related to the Plan; and it is further

**ORDERED**, that the Debtor is authorized to consummate the Plan and the transactions contemplated thereby immediately upon, or concurrently with, the occurrence of the Effective Date of the Plan; and it is further

**ORDERED**, that pursuant to §1183(c) of the Bankruptcy Code the service of the Subchapter V Trustee in the case shall terminate when the Plan and been substantially consummated. Pursuant to 11 U.S.C. §1183(c)(2), not later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve on the Subchapter V Trustee, the United States Trustee, and all parties in interest (i) a notice of such substantial consummation, and (ii) an application and propose order for a final decree; and it is further

**ORDERED**, the Debtor is required to file on the Court's Docket a Notice of Occurrence of the Effective Date and shall serve such notice on all parties via email, if known, or if email is not known by regular mail.

**Dated: Brooklyn, New York**
**February 1, 2022**

**Elizabeth S. Stong**
**United States Bankruptcy Judge**